UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No. __0:22-cv-60450__

MARCELIN LIBERAL, individually, and on
behalf of all others similarly situated,
    Plaintiff,
v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC and MEMORIAL REGIONAL
HOSPITAL SOUTH AUXILIARY, INC.,
    Defendants.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES**, MARCELIN LIBERAL, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of HEALTHCARE REVENUE RECOVERY GROUP, LLC and MEMORIAL REGENCY HOSPTIAL AUXILIARY, INC. (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. MARCELIN LIBERAL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Pembroke Pines, Florida.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

11. HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") is a corporation organized and existing under the laws of Florida.

12. HRRG maintains its principal place of business in Sunrise, Florida.

13. HRRG is a prominent debt collection agency that collects debts owed to third parties.

14. HRRG is a "person" as defined by 47 U.S.C. § 153(39).

15. HRRG is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of HRRG's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

16. HRRG is a "debt collector" as defined by Fla. Stat. § 559.55(7).

17. MEMORIAL REGIONAL HOSPITAL SOUTH AUXILIARY, INC. ("MRH") is hospital that operates in Hollywood, Florida.

18. MRH maintains its principal place of business in Hollywood, Florida.

19. MRH is a "debt collector" as defined by Fla. Stat. § 559.55(7).

20. At all times relevant, MRH had an agency relationship with HRRG whereby MRH (as the principal) had the right to control and direct the activities of HRRG (as the agent) and HRRG had the authority to act on behalf of MRH. Accordingly, MRH as the principal of HRRG is liable for the acts of HRRG.

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6735.

22. At all times relevant, Plaintiff's number ending in 6735 was assigned to a cellular telephone service.

23. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

24. In 2020, Plaintiff received emergency medical services at MRH's facility in Hollywood, Florida.

25. Due to financial difficulty, Plaintiff was unable to pay for the medical services rendered by MRH ("subject debt").

26. At some point in time, MRH placed the subject debt with HRRG for collection.

27. In the Spring of 2021, Plaintiff started receiving collection calls from HRRG in an attempt to collect the subject debt.

28. On multiple occasions, Plaintiff answered Defendant's collection calls and advised HRRG that he could not afford to pay the subject debt.

29. Unsympathetic to Plaintiff's circumstances, HRRG continued its efforts to collect the subject debt through collection calls to Plaintiff's cellular phone.

30. Frustrated with the incessant collection calls, Plaintiff answered one of HRRG's collection calls and requested that HRRG cease its collection calls.

31. Plaintiff's request that the collection calls cease fell on deaf ears and HRRG continued placing harassing collection calls Plaintiff's cellular phone, including calls from the phone numbers: (305) 363-4438, (305) 363-4424, (305) 363-4439, and (855) 700-4473.

32. In the calls that Plaintiff did not answer, HRRG would leave the following prerecorded voicemail on Plaintiff's cellular telephone stating:

> *"Hello. This is HRRG calling. Please return our call by calling 855-700-4473 between the hours of 8 a.m. and 5 p.m. and ask for Juan or speak to any associate who answers your call. This message repeats."*

33. In total, HRRG placed no less than twenty (20) prerecorded collection calls ("robocalls") to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

34. At no point in time did Plaintiff provide his cellular phone number to HRRG or otherwise consent to HRRG's phone calls.

## DAMAGES

35. Defendants' robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted robocalls, increased risk of

personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

36. Moreover, each time HRRG placed a robocall to Plaintiff's cellular phone, HRRG occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

37. Due to HRRG's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendants to cease their abusive collection practices.

## CLASS ALLEGATIONS

38. Paragraphs 21 through 37 of this Complaint are incorporated herein as though fully set forth herein.

39. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom HRRG placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) in an attempt to collect a debt allegedly owed to MRH; (6) within the four years preceding the date of this complaint through the date of class certification.

40. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for

exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

**A.     Numerosity**

41.    Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

42.    The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

43.    The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

44.    The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendants.

**B.     Commonality and Predominance**

45.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

46.    Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

47.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendants' conduct.

**D.     Superiority and Manageability**

48.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

49. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

50. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

51. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

52. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

53. Plaintiff has no interests antagonistic to those of the Putative Class and Defendants have no defenses unique to Plaintiff.

54. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class against Defendants)**

55. Paragraphs 21 through 37 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other

radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

57. Defendants violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than twenty (20) non-emergency robocalls to Plaintiff's phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

58. As pled above, Defendants used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff's voicemail.

59. Defendants did not have consent to place calls to Plaintiff's cellular phone because (1) Plaintiff never provided his number to HRRG or otherwise consent to HRRG's calls, and (2) Plaintiff revoked any prior consent that Defendants may have had by requesting that the collection calls cease.

60. Upon information and belief, Defendants do not maintain adequate policies and procedures to ensure compliance with the TCPA.

61. Upon information and belief, Defendants knew their collection practices were in violation of the TCPA, yet continued to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

62. As pled above, Plaintiff was harmed by Defendants' unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

    a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b.    a judgment in Plaintiff's favor finding that Defendants violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    c.    an order enjoining Defendants from placing further violating calls to consumers;

    d.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

    e.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

    f.    any further relief this Court deems just and proper.

## COUNT II:
## Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (Plaintiff individually against HRRG)

63. Paragraphs 21 through 37 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

64. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

65. As set forth above, Plaintiff requested that HRRG cease its collection calls to his cellular phone.

66. Despite having actual knowledge that its collection calls were unwanted, HRRG made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

67. HRRG violated § 1692c(a)(1) by placing at least twenty (20) collection calls to Plaintiff's cellular phone number at a time HRRG knew to be inconvenient for Plaintiff.

68. Specifically, since Plaintiff did not want *any* calls from HRRG, any call placed by HRRG after the cease request was placed at a time that HRRG knew was an inconvenient time for Plaintiff.

### b. Violations of FDCPA § 1692d

69. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

70. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

71. HRRG violated §§ 1692d and d(5) by placing at least twenty (20) collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt *after* Plaintiff requested that the collections calls cease.

72. HRRG's conduct in systematically placing unwanted collection calls to Plaintiff's cellular phone number is inherently harassing and abusive.

73. HRRG's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as HRRG had actual knowledge that Plaintiff did not want to be called on his cellular phone.

74. The fact that HRRG knowingly placed calls to Plaintiff after Plaintiff made a request(s) that the calls cease is illustrative of HRRG's intent to harass and annoy Plaintiff.

75. As set forth above, Plaintiff was injured by HRRG's abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in Plaintiff's favor for HRRG's violations of the FDCPA;

b.  An award of statutory damages in the amount of $1,000.00;

c.  An award of compensatory damages;

d.  An award of reasonable attorney's fees and costs; and

e.  Any further relief this Court deems just and proper.

### COUNT III:
### Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)
### (Plaintiff individually against Defendants)

76.  Paragraphs 21 through 37 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

77.  Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

78.  Defendants violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the calls cease.

79.  Defendant's incessant collection calls were placed with the specific intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt.

80.  Plaintiff was harassed and abused by Defendants' incessant collection calls.

81.  As set forth above, Plaintiff was injured by Defendants' abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

a.  A judgment in Plaintiff's favor for Defendants' violations of the FCCPA;

    b.       An award of statutory damages;

    c.       An award of compensatory damages;

    d.       An award of reasonable attorney's fees and costs;

    e.       Any further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: February 28, 2022                              Respectfully submitted,

                                                                     **MARCELIN LIBERAL**

                                                                     By: /s/ *Alexander J. Taylor*

                                                                       Alexander J. Taylor, Esq.
                                                                       Florida Bar No. 1013947
                                                                       SULAIMAN LAW GROUP, LTD.
                                                                       2500 South Highland Avenue
                                                                       Suite 200
                                                                       Lombard, Illinois 60148
                                                                       (630) 575-8180
                                                                       ataylor@sulaimanlaw.com