# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

Case No.: 0:22-cv-60450

MARCELIN LIBERAL, *individually, and on behalf of all others similarly situated,*

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC and MEMORIAL REGIONAL HOSPITAL SOUTH AUXILIARY, INC.,

    Defendants.

_____/

## **DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW, Defendant, Healthcare Revenue Recovery Group, LLC ("Defendant" or "HRRG"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, Marcelin Liberal's Class Action Complaint, [DE 1], and states the following:

## **NATURE OF THE ACTION**

1. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practices Act ("FCCPA"). Otherwise denied; HRRG demands strict proof thereof.

2. Admitted to the extent that the provisions of the TCPA, particularly, Section 227(b)(1)(A)(iii) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.

3. Admitted as the statement contained as cited. Otherwise denied as substantive evidence or data; Defendant demands strict proof thereof.

## JURISDICTION AND VENUE

4. Admitted for purposes of federal question jurisdiction; otherwise denied.

5. Admitted for purposes of supplemental jurisdiction; otherwise denied.

6. Admitted for purposes of venue only; otherwise denied.

## PARTIES

7. Admitted for purpose of jurisdiction and venue only; otherwise denied.

8. Admitted for purpose of jurisdiction and venue only; otherwise denied.

9. Admitted for purpose of jurisdiction and venue only; otherwise denied.

10. Admitted for purpose of jurisdiction and venue only; otherwise denied.

11. Admitted for purpose of jurisdiction and venue only; otherwise denied.

12. Admitted for purpose of jurisdiction and venue only; otherwise denied.

13. Admitted for purpose of jurisdiction and venue only; otherwise denied.

14. Admitted for purpose of jurisdiction and venue only; otherwise denied.

15. Admitted for purpose of jurisdiction and venue only; otherwise denied.

16. Admitted for purpose of jurisdiction and venue only; otherwise denied.

17. The allegations contained in this paragraph are asserted solely against a Defendant other than Defendant HRRG and therefore no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant HRRG, the allegations are denied. Defendant HRRG demands strict proof thereof.

18. The allegations contained in this paragraph are asserted solely against a Defendant other than Defendant HRRG and therefore no response is necessary. However, to the extent that

the allegations are asserted directly, indirectly or vicariously against Defendant HRRG, the allegations are denied. Defendant HRRG demands strict proof thereof.

19. The allegations contained in this paragraph are asserted solely against a Defendant other than Defendant HRRG and therefore no response is necessary. However, to the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant HRRG, the allegations are denied. Defendant HRRG demands strict proof thereof.

20. Denied. Defendant demands strict proof thereof.

## FACTUAL ALLEGATIONS

21. Unknown at this time; therefore, denied.

22. Unknown at this time; therefore, denied.

23. Unknown at this time; therefore, denied.

24. Unknown at this time; therefore, denied.

25. Defendant asserts that it was retained by the original creditor to request repayment of an outstanding medical debt obligation claimed due by the original creditor from the Plaintiff. Otherwise, denied.

26. Defendant asserts that it was retained by the original creditor to request repayment of an outstanding medical debt obligation claimed due by the original creditor from the Plaintiff. Otherwise, denied.

27. Defendant asserts that it was retained by the original creditor to request repayment of an outstanding medical debt obligation claimed due by the original creditor from the Plaintiff. Otherwise, denied.

28. Unknown at this time; therefore, denied.

29. Unknown at this time; therefore, denied.

30. Unknown at this time; therefore, denied.

31. Unknown at this time; therefore, denied.

32. Unknown at this time; therefore, denied.

33. Unknown at this time; therefore, denied.

34. Unknown at this time; therefore, denied.

## DAMAGES

35. Denied.

36. Denied.

37. Denied.

## CLASS ALLEGATIONS

38. Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–37.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

44. Denied; Defendant demands strict proof thereof.

45. Denied; Defendant demands strict proof thereof.

46. Denied; Defendant demands strict proof thereof.

47. Denied; Defendant demands strict proof thereof.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

50. Denied; Defendant demands strict proof thereof.

51. Denied; Defendant demands strict proof thereof.

52. Denied; Defendant demands strict proof thereof.

53. Denied; Defendant demands strict proof thereof.

54. Denied; Defendant demands strict proof thereof.

### Count I: TCPA:

### 47 U.S.C. § 227(b)(1)(A)(iii)

55. Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–54.

56. Admitted to the extent that the provisions of the TCPA, particularly, Section 227(b)(1)(A)(iii) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.

57. Denied; Defendant demands strict proof thereof.

58. Denied; Defendant demands strict proof thereof.

59. Denied; Defendant demands strict proof thereof.

60. Denied; Defendant demands strict proof thereof.

61. Denied; Defendant demands strict proof thereof.

62. Denied; Defendant demands strict proof thereof.

### Count II: FDCPA

### 15 U.S.C. § 1692c, 1692d and § 1692d(5)

63. Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–62.

64. Admitted to the extent that the provisions of the FDCPA, particularly, Section 1692c(a)(1) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; Defendant denies that any action or inaction of the Defendant violated the FDCPA; otherwise denied.

65. Denied; Defendant demands strict proof thereof.

66. Denied; Defendant demands strict proof thereof.

67. Denied; Defendant demands strict proof thereof.

68. Denied; Defendant demands strict proof thereof.

69. Admitted to the extent that the provisions of the FDCPA, particularly, Section 1692d and 1692d(5) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; Defendant denies that any action or inaction of the Defendant violated the FDCPA; otherwise denied.

70. Denied; Defendant demands strict proof thereof.

71. Denied; Defendant demands strict proof thereof.

72. Denied; Defendant demands strict proof thereof.

73. Denied; Defendant demands strict proof thereof.

74. Denied; Defendant demands strict proof thereof.

## Count III: FCCPA

### Section 559.72(7) Fla. Stat.

75. Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–74.

76. Admitted to the extent that the provisions of the FCCPA, particularly, Section 559.72(7) *Fla. Stat.* are self-evident in its entirety and, thus, denied as to any aspects or

interpretations other than the plain full reading of correspondence; Defendant denies that any action or inaction of the Defendant violated the FCCPA; otherwise denied.

77. Denied; Defendant demands strict proof thereof.

78. Denied; Defendant demands strict proof thereof.

79. Denied; Defendant demands strict proof thereof.

80. Denied; Defendant demands strict proof thereof.

81. Denied; Defendant demands strict proof thereof.

## JURY DEMAND

Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing of the Complaint, such claims or allegations are barred by the statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692d since such actions or inactions, if they occurred, were not intentional

and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that Defendant lacks the requisite intent under Section 1692d(5).

**Fifth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**Sixth Affirmative Defense**

Even assuming arguendo that HRRG violated the TCPA, as alleged in the Complaint, which presupposition HRRG denies, such violation was not intentional.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed four (4) years from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under the Telephone Consumer Protection Act ("TCPA").

**Eighth Affirmative Defense**

Defendant affirmatively alleges that the telephone equipment utilized by the Defendant is **not** an "Automatic Telephone Dialing System" as defined by the TCPA in accordance with the holding of *Glasser v. Hilton Grand Vacation Co., LLC*, 948 F. 3d 1301, 1312–1313 (11th Cir. 2020).

**Ninth Affirmative Defense**

Defendant affirmatively alleges that HRRG had prior express consent to contact the Plaintiff as well as any other claimed individual as defined in the purported TCPA class.

**Tenth Affirmative Defense**

Defendant HRRG asserts that the U.S. Supreme Court's fractured decision in *Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S. Ct. 2335, 207 L. Ed. 2d 784 (2020) amounts to an adjudication that the entirety of § 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in *AAPC* on July, 6, 2020, therefore Plaintiff's allegations of alleged violations of an unconstitutional law are not enforceable in federal court. *Id.*

**Eleventh Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) year from the date of filing of the Complaint, such claims or allegations are barred by the statute of limitations under Florida's Consumer Collection Practices Act ("FCCPA").

**Twelfth Affirmative Defense**

Defendant affirmatively alleges that Defendant lacks the requisite intent under Section 559.72(7) *Fla. Stat.*

**Thirteenth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Florida's Consumer Collection Practices Act since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, request that this Court dismiss Plaintiff's Complaint, and that HRRG be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this **29th day of March 2022.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **March 29, 2022,** with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Alexander J. Taylor, Esquire of Sulaiman Law Group, LTD, at *ataylor@sulaimanlaw.com  (Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*